IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**DERRICK MIDDLEBROOKS,**
**INMATE NO. X0078728,**

                     **Petitioner,**

    v.                                       **1:06-cv-510-WSD**

**SHERIFF THOMAS E. BROWN,**

                     **Respondent.**

## ORDER

This matter is before the Court on Petitioner's Motion for Reconsideration of Writ of Habeas Corpus (the "Motion") [4]. The Motion was filed on April 6, 2006, seventeen (17) days after Magistrate Judge Linda T. Walker entered her Order and Final Report and Recommendation (the "Report and Recommendation") [3] on Petitioner's petition. Based on the timing of the filing of the Motion and the content of it, the Court considers the Motion as Petitioner's objections to the Report and Recommendation.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a careful, *de novo* review of the portions of the Report and Recommendation to which Petitioner has objected. The

Court has reviewed the remainder of the Report and Recommendation for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

*Background*

The Report and Recommendation sets forth the facts on which the Magistrate Judge based her recommendations to this Court and it carefully reviews the allegations and information provided in the Petition for Writ of Habeas Corpus filed by Petitioner on March 2, 2006 [1].  Petitioner does not object to the Magistrate Judge's factual findings except the finding that Petitioner did not seek writ of habeas corpus relief in the Georgia state courts.  (Report and Recommendation at 3).  This finding was material to the Magistrate Judge's recommendation that Petitioner's petition should be dismissed without prejudice on the grounds that he has not exhausted his available state remedies as required by 28 U.S.C. § 2254(b)(1).  See Dill v. Holt, 371 F.3d 1301, 1303 (11th Cir. 2004).

In his motion, Petitioner now advises[1] that he has "given the Superior Court

---

[1] Petitioner raises additional matters in his Motion.  Specifically, he "requests the appointment of counsel" and may also be requesting access to the law library.  (Mot. at ¶¶ 8-9.)  This relief is not available in a Section 2254 action; relief of this kind is an appropriate subject for a claim asserted under Section 1983.  See Jones v. McAndrew, 996 F. Supp. 1439, 1443 (N.D. Fla. 1998) ("Claims in which prisoners assert that they are being subjected to unconstitutional punishment

of DeKalb County an opportunity to hear his writ of habeas corpus," that the Superior Court "responded to [the] writ by stating that a writ of habeas corpus is not heard in the Superior Court for parole," and that the "writ of habeas corpus has been filed over three (3) different time starting in Jan 06 to the Superior Court." (Mot. at ¶¶ 2-4.)  He also states that "the State has had several months to entertain the writ of habeas corpus and has failed to do so."  (Id. at ¶ 10.)[2]

---

not imposed as part of their sentence . . . are § 1983 actions, not habeas actions. Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court.").  In addition, "[a] plaintiff in a civil case has no constitutional right to counsel."  Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999); see also Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).  Pursuant to 28 U.S.C. § 1915(e)(1), this Court may appoint counsel for an indigent plaintiff.  Appointment of counsel in civil cases is a privilege "justified only by exceptional circumstances," such as the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner."  Poole, 819 F.2d at 1028.  The Court has reviewed the record in this matter and concludes the issues are not novel or complex, and Petitioner has not presented any other exceptional circumstances justifying appointment of counsel at this time.

[2] Rule 72 of the Federal Rules of Civil Procedure affords a district court wide discretion to consider arguments and evidence not submitted to the magistrate judge.  Fed. R. Civ. P. 72(b) ("The district judge may accept, reject, or modify the recommended decision [of the magistrate judge], receive further evidence, or recommit the matter to the magistrate judge with instructions."); see also Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).  The Court notes Petitioner, in his petition, advised he had not sought relief in the state court.

*Discussion*

The Petitioner here alleges that he has asserted a habeas petition in the state court in the county[3] where he is incarcerated.[4] While the status of Petitioner's claimed state habeas action is not entirely clear from the Motion, even if Petitioner can successfully show that he pursued and was denied state habeas relief, the Report and Recommendation found that Petitioner had "at least two potential remedies under Georgia law" to challenge his alleged wrongful revocation of parole. (Report and Recommendation at 3). The Magistrate Judge noted that "the Supreme Court of Georgia has stated that when a prisoner seeks to challenge a decision of the [State Board of Pardons and Parole], 'the proper remedy lies in a [writ of] mandamus action against the Board.'" (Id. at 3 (quoting Johnson v. Griffin, 522 S.E.2d 657, 658 (Ga. 1999)).) Petitioner does not object to or otherwise challenge this as a remedy available to him and he does not allege that he exhausted this means to challenge his revocation. For this reason, the Court agrees

---

[3] A search of the records indicates that Petitioner is in custody in DeKalb County. See http://www.vinelink.com/offender/detail.

[4] The Petitioner has not submitted evidence of his filings, apparently because of his concern that his only copies of these pleadings, if filed, may later become unavailable to him. (Mot. at ¶ 16).

with the Magistrate Judge that Petitioner has not exhausted his state remedies and that the petition must be dismissed without prejudice for Petitioner's failure to meet the exhaustion requirements of 28 U.S.C. § 2254.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED** and the Report and Recommendation [3] is **ADOPTED**. The instant petition for a writ of habeas corpus is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration [4] is **DENIED**.

**SO ORDERED** this 27th day of April, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE